**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-20045-JWL |
| ) | |
| **CHARLES LEOPOLD GEORGE** ) | |
| **EAGAN, IV,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On December 7, 2009, defendant Charles Leopold George Eagan, IV pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base (docs. 27, 28). Prior to sentencing, the United States Probation Office prepared a presentence report, recommending that Mr. Eagan be held accountable for 107.15 grams of cocaine base. Based on those drug quantities, the Probation Office calculated a base offense level of 30 under the United States Sentencing Commission, *Guidelines Manual* (2009), which, with a three-level adjustment for acceptance of responsibility, resulted in a total offense level of 27. The Probation Office calculated Mr. Eagan's criminal history category of IV. Pursuant to U.S.S.G. Chapter 5, Part A, a total offense level of 27 and a criminal history category of IV yields a guideline range of 100- to 125-months imprisonment. Mr. Eagan's status as a prior convicted drug felon, however, subjected

him to a statutory minimum term of not less than 20 years. *See* 21 U.S.C. § 841(b)(1)(A). As such, Mr. Eagan's guideline range was not less than 240-months imprisonment. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Based on this guideline range and other motions granted by the court, the defendant received a sentence of 180 months (doc. 37).

Mr. Eagan has now filed a Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (doc. 51). For the reasons set forth below, that motion is dismissed for lack of jurisdiction.

## ANALYSIS

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2)(B) provides that a reduction is not authorized if the retroactive amendments do not have the effect of lowering the

2

applicable guideline range. Mr. Eagan seeks a reduction in his sentence under the Fair Sentencing Act and Amendment 750 to the United States Sentencing Guidelines. He, however, is ineligible for § 3582 relief under either theory.

In 2010, Congress passed the Fair Sentencing Act (FSA), Pub. L. No. 11-120, 124 Stat. 2372 (2010), amending various United States Code provisions with respect to crack cocaine violations, which, in effect, raised the quantities of cocaine base required to trigger various statutory mandatory minimum sentences from a 100:1 to an 18:1 "crack-to-powder" ratio. The statutory provisions of the FSA, including the increase in the threshold quantity of crack cocaine required to trigger a mandatory minimum sentence, were not made retroactive. *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010). The FSA directed the Sentencing Commission to amend the Sentencing Guidelines to conform with the new law within 90 days of the FSA's enactment. In response, the Sentencing Commission issued amended Guidelines to reflect the FSA's new crack-to-powder ratio. U.S.S.G. App. C, Amend. 750 (2011). The Commission subsequently ordered that Amendment 750, unlike the FSA, become retroactively effective on November 1, 2011.

Here, Mr. Eagan was sentenced on April 27, 2010 (doc. 37). As such, he is ineligible for §3582 relief based on the FSA as it only applies to defendants sentenced after August 3, 2010. *See* Pub. L. No. 11-220, 124 Stat. 2372 (2010). The defendant's argument that the FSA should apply retroactively is foreclosed by the Tenth Circuit's opinion in *Lewis*, 625 F.3d at 1228 (finding the FSA does not apply retroactively).

3

Mr. Eagan is also ineligible for §3582 based on Amendment 750. Section 5G1.1(b) of the Sentencing Guidelines provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." At Mr. Eagan's sentencing, the court determined that the mandatory minimum exceeded the otherwise applicable guideline range, and, as such, the court used the mandatory minimum sentence as the starting point for the defendant's sentence. Because the statutory mandatory minimum has not been retroactively amended, Mr. Eagan's guideline range remains unchanged. As such, he is ineligible for relief under § 3582(c)(2) because none of the amendments to the United States Sentencing Guidelines have the effect of lowering his applicable guideline range. *See* U.S.S.G. § 1B1.10, cmt. n.1 (2011) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) . . . [if] an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

As the facts establish that Mr. Eagan's sentence is not based on a guideline range that has subsequently been lowered by the Sentencing Commission, the court is without jurisdiction to consider a reduction of sentence under § 3582(c)(2). *United States v. Curtis*, 252 Fed. App'x 886, 887 (10th Cir. 2007) (Where the amendment did not subsequently lower the defendant's Guideline range, the district court has no jurisdiction

4

to consider a modification to his sentence under 18 U.S.C. § 3582(c)(2)).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Retroactive Application of the Sentencing Guidelines (doc. 51) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED** this 15th day of June, 2012.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge